## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

EVIS BRINSON,              )        CASE NO. 5:21-cv-1638

                      )

         PLAINTIFF,    )        JUDGE SARA LIOI

vs.                    )        **MEMORANDUM OPINION**
                      )        **AND ORDER**
                      )        **(nunc pro tunc)***

SUMMIT COUNTY, et al.,    )

                      )

        DEFENDANTS.    )

Pending before this Court is plaintiff Evis Brinson's ("Brinson") motion asking this Court to review defendants' request for $18,769.86 in costs and to deny the request in its entirety. (Doc. No. 95 (Motion).) Having entertained Brinson's motion and reviewed defendants' request for costs,[1] for the reasons discussed herein, Brinson's motion is DENIED to the extent it asked this Court to deny defendants' request for costs in its entirety but GRANTED in that this Court will reduce the amount of taxed costs to $9,384.93.

---

*This nunc pro tunc memorandum opinion and order is being issued to correct a typographical error in the calculation of awarded costs.

[1] Defendants contend that Brinson's motion is not properly before the Court. (Doc. No. 96, at 1 n.1.) Federal Rule of Civil Procedure 54(d) provides that "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." While the plain language of the rule does suggest that any motion to review costs should be brought *after* the clerk taxes costs, the Court acknowledges that multiple other courts in this district have entertained motions brought *before* the clerk taxes costs and this Court elects to follow their lead. *E.g.*, *Arnold v. Taylor Corp.*, No. 3:17-cv-1381, 2020 WL 1862875, at *1 (N.D. Ohio Feb. 24, 2020); *Crow v. Best Buy Co.*, 299 F. Supp. 2d 802, 803 (N.D. Ohio 2004). Tellingly, defendants have not cited any cases where a district court declined to hear a motion to review costs filed before the clerk taxed costs.

## I.  BACKGROUND

As detailed in this Court's prior opinions in this matter, Brinson brought this action against defendants Eric Czetli ("Czetli"), Kandy Fatheree ("Fatheree"), and Summit County (collectively, "defendants") alleging several claims that all stemmed from Brinson's brief employment as and termination from the position of Director of Diversity and Outreach for the Summit County Sheriff's Office. (*See generally* Doc. No. 30.) On June 29, 2022, defendants brought a motion for partial judgment on the pleadings. (Doc. No. 35.) This Court dismissed several claims but allowed several others to advance. (Doc. No. 64.) On December 9, 2022, defendants filed a motion for summary judgment. (Doc. No. 79.) On June 20, 2023, this Court entered judgment in defendants' favor on all the remaining claims. (Doc. No. 93.)

On June 29, 2023, defendants filed a bill of costs, requesting that the Clerk tax their costs to Brinson in the amount of $18,769.86. (Doc. No. 94.) On July 11, 2023, Brinson filed the instant motion asking this Court to review defendants' request for costs. (Doc. No. 95.) Defendants filed an opposition (Doc No. 96 (Opposition)) and Brinson filed a reply. (Doc. No. 97 (Reply).) This matter is now ripe for this Court's review.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." And 28 U.S.C. § 1920(2) provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" The costs of taking and transcribing depositions fall within § 1920(2) and are allowed to the prevailing party. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

2

Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has described circumstances in which the denial of costs is a proper exercise of a district court's discretion. *Id.* Such situations include cases where (1) "taxable expenditures by the prevailing party are 'unnecessary or unreasonably large,'" *id.* (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)), (2) "the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues," *id.* (citing *Nat'l Transformer Corp. v. France MFG. Co.*, 215 F.2d 343, 362 (6th Cir. 1954)), (3) "the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant," *id.* (citing *Lichter*, 269 F.2d at 146), and (4) the dispute is "'close and difficult.'" *Id.* (quoting *U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)). Other factors that courts may consider when determining whether to deny costs include good faith by the losing party, indigency of the losing party, and the potential chilling of future litigation. *See Arnold*, 2020 WL 1862875, at *1 (citing *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001), and *White & White*, 786 F.2d at 730–33) (further citations omitted).

## III.    DISCUSSION

Brinson asks this Court to "review [d]efendants' request for costs and deny the request in its entirety[.]" (Doc. No. 95, at 1.[2]) Brinson contends that this Court should exercise its discretion to deny defendants' costs because 1) he brought the case in good faith; 2) the case was complex; 3) he is indigent; 4) granting costs would have a chilling effect on future plaintiffs; and 5)

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

3

defendants have already benefited from this case. (*Id.*) Notably, Brinson does not contend that

defendants' costs are unnecessary or unreasonably large or that defendants should be penalized for

unnecessarily prolonging trial or for injecting unmeritorious issues. *See White & White*, 786 F.2d

at 730.

### 1. Good Faith

Brinson contends that he brought this case in good faith, which should weigh against

assessing defendants' requested costs. (Doc. No. 95-1, at 3 (citing cases).) Defendants do not

dispute that a good faith prosecution weighs against assessing costs, but defendants contend that

Brinson did not bring or maintain his action in good faith. (Doc. No. 96, at 3.) This Court agrees

with defendants' observation that Brinson maintained at least some plainly unavailable claims

through defendants' motion for partial judgment on the pleadings. (*Id.*; *see also* Doc. No. 64

(dismissing clearly unavailable Section 1981 claim and Title VII claims against individuals).)

Defendants contend that Brinson sought discovery for these claims—even after they were

dismissed—which necessitated defendants to expend costs. (Doc. No. 96, at 3–4.) Brinson does

not refute defendants' representation in his reply. Nothing in the record, however, suggests that

Brinson maintained his entire case in bad faith, but clearly some claims that he pursued did not

make it beyond the motion to dismiss stage. Pursuing discovery on those meritless claims even

after they were dismissed indicates a lack of good faith. As such, this factor weighs in favor of

assessing some costs.

### 2. Complexity of the Case

Courts sometimes deny costs to a prevailing party when the case was "close and difficult."

*See White & White*, 786 F.2d at 730. Brinson contends that this case was "difficult, lengthy,

involved numerous parties, nuanced areas of the law, thousands of pages of documents and transcripts, twelve (12) depositions, required hundreds of hours of meticulous review of voluminous records . . . and required the Court to render a lengthy opinion." (Doc. No. 95-1, at 4–5.) Brinson also contends that this case involved "issues of first impression . . . related to the extent to which Title VII offers protection for employees who are expected to regularly engage in activity that is normally considered protected by federal and civil law, like the position Mr. Brinson held while working for [d]efendants." (*Id.* at 5.)

This case was neither close nor difficult. Brinson's claims were brought against only three parties and were limited to a relatively short period of time and a limited number of interactions. Many of these claims were dismissed in whole or part on defendants' partial motion for judgment on the pleadings. (*See* Doc. No. 64.) The Court disposed of the rest of the case on defendants' motion for summary judgment, noting repeatedly throughout its memorandum opinion that Brinson had failed to produce *any* evidence to support his claims. (*See* Doc. No. 92.) *Thomas v. AT&T Servs., Inc.*, No. 1:11-cv-2768, 2013 WL 2950657, at *2 (N.D. Ohio June 14, 2013) (rejecting "close and difficult" argument where claims were dispelled on summary judgment "based on straightforward analysis" of the facts); *Hunter v. Gen. Motors Corp.*, 161 F. App'x 502, 503 (6th Cir. 2005) (per curiam) (holding case was not "close and difficult" where there was "overwhelming evidence" that "[t]he plaintiff's own lack of qualifications, not improper racial animus on the part of the defendants, prevented him from attaining the position he desired" supporting judgment in favor of the defendant-employer).

The Court's opinion was undoubtedly long, but only because Brinson failed to clearly articulate the exact theories and evidence on which his many claims were based and, thus, out of

judicial prudence, the Court expended additional time addressing every possible avenue to recovery. (*See, e.g.*, Doc. No. 92, at 12 & n.7.) For these reasons, this factor weighs in favor of assessing defendants' costs.

### 3.  "Chilling Effect" on Future Litigants

Brinson contends that "[i]mposing $18,769.00 in costs and fees on Mr. Brinson - a civil rights plaintiff - would be seriously inequitable and have a significant chilling effect on future plaintiffs[.]" (Doc. No. 95-1, at 7.) To be sure, Brinson does cite other courts that denied costs after noting the potential chilling effect that costs might have on future potentially meritorious claimants. *See Arnold*, 2020 WL 1862875, at *2; *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000); *Rosser v. Pipefitters Union Loc. 392*, 885 F. Supp. 1068, 1072 (S.D. Ohio 1995). But the cited cases were described as "close and difficult." *Arnold*, 2020 WL 1862875, at *2; *U.S. ex rel. Pickens*, 196 F.R.D. at 77; *Rosser* 885 F. Supp. at 1072. There is a sound policy reason to encourage potentially meritorious litigants to bring suit without fear of large cost assessments. But here, Brinson's claims were neither close nor difficult. As discussed above, Brinson failed to produce any evidence to support his many claims. As such, this Court finds little risk that assessing costs against Brinson would deter future litigants with potentially meritorious claims—so long as they have some evidence to support their claims. *See Hildebrandt v. Hyatt Corp.*, No. 1:02-cv-3, 2006 WL 3063498, at *3 (S.D. Ohio Oct. 26, 2006) ("[D]espite [p]laintiff's claims of a chilling effect, the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate.") (citing cases). This factor weighs in favor of assessing defendants' costs.

### 4. Defendants' Benefit from the Case's Outcome

Brinson contends that because defendants have "benefitted" from the entry of summary judgment in their favor, this Court should deny their request for costs. (Doc. No. 95-1, at 8–9.) According to Brinson, defendants "benefitted" by "absolv[ing] themselves [of] claims of race discrimination and retaliation and also affirmed the sufficiency of their policies, procedures and training related to discrimination, retaliation, harassment, disciplinary measures and more." (*Id.* at 9.)

That defendants "absolved themselves [of] claims of race discrimination and retaliation" through summary judgment in their favor might be considered a "benefit," but this Court is not persuaded it is a "benefit" that warrants overcoming the strong presumption in favor of awarding costs in this case. As defendants point out, they had to expend many resources to defend themselves against Brinson's claims to receive what he labels a "benefit." (Doc. No. 96, at 5.)

Accordingly, this factor weighs in favor of assessing defendants' costs against Brinson.

### 5. Indigency

Finally, Brinson contends this Court should deny defendants' request for costs because he is indigent. "A losing party's indigence weighs against taxing [him] with the winning party's costs." *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 861 (6th Cir. 2015) (citing *Singleton*, 241 at 539). But "[a] plaintiff's indigency does not prevent the taxation of costs against him[,]" *Sales*, 873 F.2d at 120, and "district courts retain a substantial amount of discretion to determine whether or not to tax costs against indigent plaintiffs." *Banks*, 611 F. App'x at 861 (citing *Singleton*, 241 F.3d at 539–40). "[W]hen a party claims indigency," the court must make "a determination of his or her capacity to pay the costs assessed." *Sales*, 873 F.2d at 120.

Brinson submitted an affidavit, in which he avers that he is "indigent at this time and unable to pay [defendants'] [b]ill of [c]osts . . . now or in the future." (Doc. No. 95-2 ¶ 9.) He states that he has been "unable to find subsequent employment comparable to [his] position with Summit County[]" since March 2021, he was "unemployed from March 2021 through February 2022, June 2022 through October 2022 and, as of July 2023, [he is] not working." (*Id.* ¶ 3.) He further represents that his family relies "almost exclusively" on his wife's income as his personal monthly income is $700 for the management of a rental property and the total amount of assets in bank accounts in his name amounts to approximately $400 compared to debts in his name amounting to approximately $114,000. (*See id.* ¶¶ 4, 6, 8) Additionally, Brinson avers that his home, on which he owes approximately $500,000 plus interest, is in foreclosure. (*Id.* ¶¶ 5, 8.)

While the Court appreciates Brinson's financial difficulties, all the facts known to this Court do not demonstrate that he is unable to pay defendants' costs. For example, while Brinson avers that he is been unable to find "comparable" employment and has experienced periods of unemployment since his termination from the Summit County Sheriff's Office, the Court knows from the record in this case that Brinson held two separate incoming-generating positions, both of which he quit voluntarily. (*See* Doc. No. 92, at 3 (citing Doc. No. 66-1, at 442:2–12, 464:23–465:2).) Similarly, while Brinson states he has been unemployed since July 2023, he does not present any facts that suggest he will be unable to find incoming-generating employment again soon. For these reasons, at least part of Brinson's situation suggests that he is capable of securing employment and, thus, paying at least some assessed costs. But the Court acknowledges that Brinson's situation also suggests that he is without the financial resources to pay the entirety of defendants' costs.

8

Although there is justification for assessing the entirety of defendants' requested costs, given Brinson's modest means and current financial situation, the Court will use its discretion to reduce the amount of taxed costs to $9,384.93 (half of the requested amount). *See Barrett v. Whirlpool Corp.*, No. 3:06-cv-17, 2010 WL 11692976, at *4 (M.D. Tenn. Apr. 27, 2010) (reducing assessed costs to account for plaintiff's "modest means").

## IV.    CONCLUSION

For the reasons set forth herein, plaintiff's motion asking this Court to review defendants' taxation of costs is DENIED to the extent plaintiff asked this Court to deny defendants' request of costs in its entirety, but it is GRANTED to the extent that the Court will reduce the amount of costs taxed. The Clerk is directed to tax defendants' bill of costs to plaintiff in the amount of $9,384.93.

**IT IS SO ORDERED**.

Dated: September 15, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

9